UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CASE NO.:

ALEXANDRIA WALLACE,

      Plaintiff,

vs.

SHANDS TEACHING HOSPITAL AND
CLINICS, INC.,
a Florida Not For Profit Corporation,

      Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

      Plaintiff, ALEXANDRIA WALLACE ("Ms. Crokie" or "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against the Defendant, SHANDS TEACHING HOSPITAL AND CLINICS, INC. ("SHANDS" or "Defendant"), and alleges the following:

      1. Plaintiff brings these claims for pregnancy discrimination and retaliation in violation of Title VII/the Pregnancy Discrimination Act ("PDA") and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat. to recover from Defendant back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

**JURISDICTION**

      2. Jurisdiction in this Court is proper as the claims are brought pursuant arise under federal law pursuant to Title VII and the PDA as to the federal claims, and this court has supplemental jurisdiction over the FCRA claims as they arise out of a continuing series of

illegal activities committed by Defendant and involving Plaintiff's employment.

3. The actions giving rise to this lawsuit occurred in Alachua County, Florida.

## CONDITIONS PRECEDENT

4. Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on or about September 9, 2019.

5. Plaintiff received her Right to Sue letter from the EEOC on February 28, 2020.

6. Plaintiff timely files this lawsuit and has complied with all administrative prerequisites.

## VENUE

7. Venue is proper because Defendant conducts substantial business in Alachua County, Florida, and Plaintiff worked for Defendant in Alachua County, Florida, where the actions at issue took place.

## PARTIES

8. During all times relevant, Plaintiff lived in Alachua County, Florida.

9. Plaintiff is protected by the PDA because:

    a. She was a pregnant female who suffered discrimination because of her pregnancy by Defendant; and

    b. She suffered an adverse employment action and was subjected to an increasingly hostile work environment based on her pregnancy, including being fired because of discrimination by Defendant regarding her pregnancy.

10. Defendant was at all material times an "employer" as defined by the PDA as it employed in excess of fifteen (15) employees.

11. Defendant is a Florida Profit Corporation that operates a medical center in, among other places, Alachua County, Florida.

## GENERAL ALLEGATIONS

12. Plaintiff worked for Defendant as a Transporter from February 2, 2018, until her termination on December 10, 2018.

13. Plaintiff was an excellent worker with no history of attendance, performance, or disciplinary issues during her tenure with SHANDS.

14. Upon disclosing her pregnancy to Defendant, Plaintiff's Supervisor, Frances George ("Ms. George'), began harassing and demeaning Plaintiff with multiple derogatory comments.

15. Around November 2018, Plaintiff requested reasonable accommodation for her pregnancy by way submitting a doctor's note detailing that she needed to refrain from lifting excessive weight and take a short break every two (2) hours to avoid raising her blood pressure. These reasonable restrictions were essential to safeguard the well-being of both herself and her unborn child during this last trimester of her pregnancy.

16. SHANDS refused to offer reasonable accommodation to Plaintiff, and declined to even engage in an interactive process or dialogue with her about accommodation for her pregnancy.

17. On or around December 1, 2018, Ms. George's harassment reached its zenith, as she brought Plaintiff to tears with her belittling and discriminatory comments.

18. As such, immediately after this incident, Plaintiff objected to the discrimination she suffered during her employment at SHANDS.

19. Shockingly thereafter, Plaintiff was suspended from work, while the perpetrator

of the harassment, Ms. George, was allowed to continue working unmolested in her position.

20. On December 10, 2018, Plaintiff was called back into work and summarily terminated in violation of the law.

21. Defendant was well aware of Plaintiff's PDA-protected condition and her requests, and need, for accommodation.

22. The reasonable accommodation of refraining from lifting excessive weight and taking a short break every two (2) hours to avoid raising her blood pressure would have permitted Plaintiff to perform her job duties and would have imposed no undue hardship on Defendant.

23. Plaintiff can demonstrate that Defendant's termination was a pretext, and a concocted way to discard her based on her pregnancy and thereby rid the workplace of a pregnant employee.

24. Plaintiff is an individual who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as a Transporter, and had indeed done so prior to, and during, her pregnancy.

25. Defendant's treatment of Plaintiff in this regard is illegal. *See Byrd v. Lakeshore Hospital*, 30 F.3d 1380, 1382 (11th Cir.1994) ("It is today a settled principle that the [pregnancy laws] are violated when pregnant employees are denied privileges afforded non-pregnant employees."); *see also Armindo v. Padlocker, Inc.*, 209 F.3d 1319, 1320 (11th Cir.2000) (an employer violates the PDA when it fires an employee based on her pregnancy.).

26. Plaintiff's firing constitutes an adverse employment action as defined by the

4

PDA.

27. At all material times hereto, Plaintiff was ready, willing and able to perform her job duties, with or without reasonable accommodation.

28. Despite the availability of a reasonable accommodation under the PDA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff was not, and would not be, prevented by her pregnancy from completing her assigned job duties, Defendant discriminated against Plaintiff based on her pregnancy and her need for occasional accommodation.

29. Defendant does not have a non-discriminatory rationale for allowing and participating in the discrimination suffered by Plaintiff.

30. The timing of Plaintiff's termination, which was in temporally proximity to her objections to discrimination, demonstrates the causal and temporal connection between her protected PDA activity and the illegal actions taken against her by Defendant.

31. Defendant purposefully and intentionally discriminated and retaliated against Plaintiff in violation of her PDA rights.

32. Plaintiff was a pregnant individual during her employment, and was therefore a member of a protected class as envisioned by the PDA.

33. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her pregnancy.

34. As a result of the above conduct by Defendant, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

35. Defendant did not have a subjective or objective good faith basis for its actions.

36. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## PREGNANCY DISCRIMINATION
## IN VIOLATION OF TITLE VII AND THE PDA

37. Plaintiff realleges and adopts the allegations contained in paragraphs 1-36 of the Complaint, as if fully set forth in this Count.

38. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against pregnancy discrimination under Title VII and the PDA.

39. The discrimination to which Plaintiff was subjected was based solely on her pregnancy.

40. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

41. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

42. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII and the PDA.

WHEREFORE, Plaintiff requests judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT II
## RETALIATION UNDER THE PDA

43. Plaintiff realleges and adopts the allegations contained in paragraphs 1-36 as if

fully set forth in this Count.

44. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing pregnancy discrimination under Title VII and the PDA.

45. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal pregnancy discrimination, and was willful.

46. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

47. Plaintiff is entitled to recover liquidated damages and attorneys' fees and costs reasonable attorneys' fees and litigation expenses pursuant to Title VII and the PDA.

48. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests judgment in her favor and against Defendant for a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII and the PDA, that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for damages, including liquidated damages, award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to Title VII and the PDA, and provide any additional relief that this Court deems just.

**COUNT III**
**VIOLATION OF THE FCRA**
**BASED ON PREGNANCY DISCRIMINATION**

49. Plaintiff realleges and readopts the allegations contained in paragraphs 1-36 of the Complaint, as if fully set forth in this Count.

50. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against pregnancy discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

51. Plaintiff was over pregnant when she was terminated.

52. Plaintiff was terminated only because of her pregnancy, and would not have been terminated, but for her pregnancy.

53. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

54. Defendant had no good faith basis for terminating Plaintiff based on her pregnancy, and Plaintiff is entitled to liquidated damages based on these actions.

55. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

56. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

57. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on

her pregnancy, was in compliance with the FCRA.

58. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat., and provide any additional relief that this Court deems just.

## COUNT IV
## VIOLATION OF THE FCRA BASED ON RETALIATION FOR OBJECTIONS TO PREGNANCY DISCRIMINATION

59. Plaintiff realleges and adopts the allegations contained in paragraphs 1-36 as if fully set forth in this Count.

60. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing pregnancy discrimination under Florida Civil Rights Act, Chapter 760, Fla. Stat.

61. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal pregnancy discrimination.

62. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental

anguish, loss of enjoyment of life, and other non-pecuniary losses.

63. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

64. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

65. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for damages, including punitive damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the FCRA; provide any additional relief that this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on this 27th day of May, 2020.

By: **/s/ Noah Storch**
Noah Storch, Esq.
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.

                                            10368 W. SR. 84, 103
                                            Telephone:  (866) 344-9243
                                            Facsimile:    (954) 337-2771

*Attorney for the Plaintiff*